UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

CARL BOCHELEN and
TRISTINA BOCHELEN, individually, and
as Next Friends and Parents of
KASIA BOCHELEN, a minor,

       Plaintiffs,

vs.

MARCELLUS COMMUNITY SCHOOL DISTRICT,
a Michigan school district,
NANETTE PAULEY, individually
and in her official capacity as Superintendent
of Marcellus Community School District,
SARAH BISCHOFF, individually
and in her official capacity as the
Principal of Marcellus Elementary School,
TAMMY CURTIS, individually
and in her official capacity as the
Counselor at Marcellus Elementary School, and
HENRY ESSEX, individually
and in his official capacity as a
Teacher and Mandatory Reporter at Marcellus
Elementary School,

       Defendants.

## COMPLAINT AND JURY DEMAND

## COMPLAINT

Plaintiffs Carl Bochelen and Tristina Bochelen, individually, and as Next Friends and Parents of Kasia Bochelen, a minor, by their attorneys, CROSON,

TAUB & MICHAELS, PLLC and TERESA J. GORMAN PLLC, bring this Complaint as follows:

## JURISDICTION AND VENUE

1. This is a civil action brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a), et seq., the Equal Protection Clause of the United States Constitution made applicable to the individual states by and through the Fourteenth Amendment to the Constitution pursuant to §1983, and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., and the common law of Michigan seeking money damages against the individual Defendants in their individual and official capacities and against all Defendants for violation of Plaintiffs' rights.

2. This court has original jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. §1391(b) because the claims arose in this district and Plaintiffs and Defendants are located within this district.

## PARTIES

4. Plaintiffs are citizens of the United States and at all times material to this action were residents of the Village of Marcellus, Cass County, Michigan during the relevant time period.

5. Plaintiff Kasia Bochelen ("Kasia") is a 10 year old girl born on April 25, 2011.

6. Plaintiffs Carl and Tristina Bochelen are Plaintiff Kasia Bochelen's natural parents.

7. Defendant Nanette Pauley was, at all times material to this action, employed by Marcellus Community School District as its Superintendent of Schools. She is sued in both her individual and official capacities.

8. Defendant Sarah Bischoff was, at all times material to this action, employed by Marcellus Community School District as the Principal of Marcellus Elementary School. She is sued in both her individual and official capacities.

9. Defendant Tammy Curtis was, at all times material to this action, employed by Marcellus Community School District as a counselor at Marcellus Elementary School. She is sued in both her individual and official capacities.

10. Defendant Henry Essex was, at all times material to this action, employed by Marcellus Community School District as a teacher at Marcellus Elementary School. She is sued in both his individual and official capacities.

11. Defendant Marcellus Community School District is a public school district existing and operating according to the laws of the State of Michigan.

## GENERAL ALLEGATIONS

12. Kasia began attending Marcellus Elementary School as a fourth grade student in March 2021 after her family relocated to Marcellus, Michigan.

13. In August 2021, Kasia started her school year as a fifth grade student at Marcellus Elementary School with excitement, happiness and a great attitude.

14. Shortly after the new school began, Kasia began crying and begging not to go school.

15. The crying and begging soon turned to flailing, scratching, sobbing, screaming, and throwing herself to the ground to attempt to avoid entering the school.

16. What the Bochelen's were unaware of at that time was that Kasia's reluctance to go to school was because she was subjected to sexual assault and battery by another female student who was grabbing Kasia's genitalia when the students were in the bathroom, hallway or at recess.

17. The Bochelens accepted assistance from school counselor Tammy Curtis ("Counselor Curtis") who escorted Kasia into her classroom. Counselor Curtis promised to check on her periodically and told Kasia that she could see her any time for any reason.

18. The sexual assaults continued into October 2021.

19. On October 6, 7, or 8, 2021, Kasia reported to her teacher, Henry Essex ("Teacher Essex"), that she needed to see Counselor Curtis. Teacher Essex demanded that Kasia tell him why she needed to see Counselor Curtis.

20. Kasia informed Teacher Essex that a student (the same student who had been had been grabbing her genitalia) had attacked her in the bathroom, using force to pin against the wall, and forcibly "humped" against her.

21. Teacher Essex directed Kasia to sit back down at her desk with the promise that he would text Counselor Curtis and that she would talk to Kasia when she had time.

22. It is undisputed that Teacher Essex never reported Kasia's complaint of the sexual assault to Counselor Curtis or anyone else.

23. Kasia's behavior deteriorated as the sexual assaults continued unabated.

24. The Bochelens asked friends if their children had heard or seen anything that would help explain Kasia's behavior. One friend reported that her children had told her that Kasia had been forced against a wall against her will and "humped." Over the next few days, other parents came forward to the Bochelens with information about the humping incident as well as the genital grabbing to which Kasia and other female students were being subjected to everyday by the same assailant.

25. On October 12, 2021, Tristina Bochelen reported the sexual assault to which Kasia had been subjected to Counselor Curtis.

26. Counselor Curtis stated that she was aware of the situation and that it had already "been handled."

27, On October 16, 2021, Tristina Bochelen reported the sexual assault to which Kasia had been subjected to Superintendent Nanette Pauley.

28. Superintendent Pauley responded that "the issue had been addressed" and that there had been "some booty bumping" in the bathroom. She recommended that the Bochelens keep Kasia in school because "anxiety needs to be worked through at school."

29. Also on October 16, 2021, the Bochelens met with the family who had initially informed them about the assault on Kasia. They learned more about Kasia's complaint to Teacher Essex and more about additional sexual assaults to which other girls had been subjected of a long period of time by the same assailant and a companion assailant as well.

30. On the morning of October 18, 2021, the Bochelens went to the school to complain to Principal Sarah Bischoff ("Principal Bischoff") about the sexual assaults to which Kasia had been subjected. They were informed that Principal Bischoff was unavailable.

31. That same day, the Bochelens called Child Protective Services who directed them to call the Marcellus Police Department to report the sexual assaults.

32. Sgt. Johnson of the Marcellus Police Department promptly visited the Bochelens in their home and took their report.

33. On the afternoon of October 18, 2021, after taking the report from the Bochelens, Sgt. Johnson went to Marcellus Elementary School.

34. Shortly after Sgt. Johnson left the Bochelen home and went to the school, the Bochelens received a telephone call from Principal Bischoff requesting a meeting.

35. The Bochelens and Kasia went to the school and met with Principal Bischoff and Counselor Curtis who informed them that the assailants had admitted to assaulting Kasia.

36. Upon learning of Kasia's initial complaint to Teacher Essex, Counselor Curtis stated that she had never received a text or any other communication from Teacher Essex regarding Kasia's report of the sexual assault.

37. Principal Bischoff then requested that Teacher Essex join the meeting.

38. Counselor Curtis insisted that Kasia play out the entire incident for everyone in the meeting.  She did so.

39. Teacher Essex did not dispute Kasia's rendition of the facts.

40. When the Bochelen's asked Teacher Essex why he had failed to report Kasia's complaint of the sexual assault to which she had been subjected, he responded that he "just couldn't remember exactly what she told [him]" or why he failed to report it, stating "I have two hundred things going on at one time and I can't remember everything."

41. The Bochelens and Kasia complained to the principal, counselor and teacher that Kasia had been subjected to sexual assault and unwelcome sexual conduct by having her genitalia grabbed, by being grabbed and forced against a wall and "humped," and by having the same assailant peer over the door or wall of the bathroom stall while Kasia was inside.

42. At the end of the meeting, it was agreed that the assailant would be required to use a separate bathroom, that all teachers would be provided with radios so they could better monitor, and that Kasia would be allowed to go to the office or to visit Counselor Curtis at any time for any reason due the unpredictability of the traumatic effects of a sexual assault.

43. The next day, October 19, 2021, Kasia stayed home from school.

44. On October 20, 2021, Kasia returned to school. When her mother called the school to check on her, Principal Bischoff informed Mrs. Bochelen that the agreed-upon plan will not work and that Kasia will not be allowed to leave the classroom to go to the bathroom or to visit the counselor.

45. On October 20, 2021, Kasia was once again assaulted by either the same student who had previously assaulted her or her companion, this time by grabbing Kasia's genitalia while she was standing in line in the school hallway.

46. That afternoon, the Bochelens pulled Kasia and her brother from the school and began home schooling.

47. On November 8, 2021, Mr. Bochelen put the entire school board of Marcellus Community Schools on notice about the sexual assaults and unwelcome sexual conduct to which Kasia had been subjected in the elementary school.

48. Kasia has not returned to school and her assailant remains in school and, upon information and belief, continues to harass and assault other students.

49. Upon information and belief, other parents have also reported the sexual assaults and unwelcome sexual conduct to which their children have been subjected by the same assailant.

## COUNT I
## VIOLATIONS OF TITLE IX
## AS TO DEFENDANT MARCELLUS COMMUNITY SCHOOL DISTRICT

50. Plaintiffs incorporate by reference paragraphs 1-49.

51. The acts and failure to act perpetuated against Plaintiff Kasia Bochelen amount to unlawful sexual harassment and discrimination on the basis of gender.

52. One or more teachers, counselors, administrators, and officials of Defendant Marcellus Community School District, with authority to take corrective

action on Plaintiff Kasia Bochelen's behalf had actual notice of said discrimination and failed to adequately respond, in violation of school district policies.

53. Defendants' failures to respond amounted to deliberate indifference toward the unlawful sexual conduct that had occurred, was occurring, and was likely to occur.

54. Additionally, and/or in the alternative, Defendant's board of education, administration and officials failed to enact and/or disseminate and/or implement proper or adequate policies to discovery, prohibit or remedy the kind of discrimination which Plaintiff Kasia Bochelen suffered. This failure included, without limitation, non-existent or inadequate customs, policies or procedures for the recognition, reporting, investigation, and correction of unlawful discrimination. Those failures amounted to deliberate indifference toward the unlawful sexual conduct that had occurred, was occurring, and was likely to occur.

55. As a result of Defendants' deliberate indifference, Plaintiff Kasia Bochelen suffered loss of educational opportunities and/or benefits, and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

**COUNT II**
**VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**AS TO ALL DEFENDANTS**

56. Plaintiffs incorporate by reference paragraphs 1-55

57. Plaintiff Kasia Bochelen is a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

58. Plaintiff Kasia Bochelen also enjoyed the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual molestation, abuse, and assault.

59. The various acts as alleged herein amounted to violations of these clearly established constitutional protected rights of which reasonable persons in the Defendants position should have known.

60. Defendants had a duty to prevent student-on-student sexual molestation, abuse, assault and harassment, said duty arising under the above-mentioned constitutional rights and also under clearly established rights against discrimination pursuant to Title IX.

61. By failing to prevent the aforementioned molestations, abuse, assaults and harassment to which Plaintiff Kasia Bochelen was subjected, and/or responding to other known reports of similar molestations, abuse, assaults, harassment and sexually inappropriate behavior by the same assailant against other students, in a manner that was so clearly unreasonable so as to amount to deliberate indifference, Defendants are liable to Plaintiff Kasia Bochelen pursuant to 42 U.S.C. §1983.

62. Defendant Marcellus Community School District is also liable to Plaintiff Kasia Bochelen under 42 U.S.C. §1983 for the following:

    a.    maintaining customs, policies and /or procedures of inadequate and/or non-existent monitoring and/or investigation of the assailant's conduct so as to amount to deliberate indifference as to the known or obvious consequences of the assailant's behavior, up to and including, violations of the aforementioned equal protection and due process rights, and unlawful discrimination under Title IX; and

    b.    failing to adequately train administrators, counselors, teachers, officials and employees in a position to discover, report, investigate and/or prevent the acts complained of herein, violations of constitutional and/or federal law.

63. As a result of Defendants' deliberate indifference, Plaintiff Kasia Bochelen suffered loss of educational opportunities and/or benefits, and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

**COUNT III**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**THE ELLIOTT-LARSEN CIVIL RIGHTS ACT AGAINST**
**<u>DEFENDANT MARCELLUS COMMUNITY SCHOOL DISTRICT</u>**

64. Plaintiffs incorporate by reference paragraphs 1-63.

65. Plaintiff Kasia Bochelen is a member of a protected class pursuant to the Constitution of the State of Michigan and the Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq.* and MCL § 37.2301, *et seq.*

66. The facilities operated by Defendant Marcellus Community School District were and are educational institutions under MCL § 37.2401, *et seq.* and MCL § 37.2301, *et seq.*

67. While a student in Defendant Marcellus Community School District's elementary school, Plaintiff Kasia Bochelen was subjected to sexually harassing commentary and conduct as aforedescribed.

68. The sexually harassing commentary and conduct had the purpose and/or effect of substantially interfering with Plaintiff Kasia Bochelen's education and and/or creating an intimidating, hostile, and offensive educational environment.

69. Defendant Marcellus Community School District had both actual and constructive notice that Plaintiff Kasia Bochelen was being subjected to a hostile and offensive educational environment.

70. Despite having notice of the sexually harassing commentary and conduct to which Plaintiff Kasia Bochelen was subjected, Defendant Marcellus Community School District failed to remediate.

71. Defendant Marcellus Community School District's conduct violated the Elliott-Larsen Civil Rights Act.

72. As a result of Defendant Marcellus Community School District's deliberate indifference, Plaintiff Kasia Bochelen suffered loss of educational opportunities and/or benefits, and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

## COUNT IV
## NEGLIGENCE
## AS TO ALL DEFENDANTS

73. Plaintiffs incorporate by reference paragraphs 1 through 72.

74. Defendants owed Plaintiff Kasia Bochelen a duty to provide a free and appropriate public education.

75. Defendants owed Plaintiff Kasia Bochelen a duty to conform to a specific standard of conduct to protect Plaintiff from unreasonable risk of injury.

76. Defendants breached their duty to Plaintiff Kasia Bochelen.

77. Defendants knew, or through the exercise of reasonable care should have known, that their actions and lack of action would likely result in injury to Plaintiff Kasia Bochelen.

78. As a direct and proximate cause of Defendants' breach, Plaintiff Kasia Bochelen suffered mortification, embarrassment, and was denied the quality of public education.

79. As a direct and proximate result of Defendants' actions and omissions, Plaintiff Kasia Bochelen suffered emotional injury.

## COUNT V
## GROSS NEGLIGENCE
## UNDER MCL 691.1407(2)
## AS TO ALL DEFENDANTS

80. Plaintiffs incorporate by reference paragraphs 1 through 79.

81. Defendants had a special relationship with Plaintiff Kasia Bochelen, obligating Defendants, individually and collectively, to provide safe care and treatment.

82. Defendants owed Plaintiffs a duty to conform to a specific standard of conduct to protect Plaintiff Kasia Bochelen from unreasonable risk of injury.

83. As detailed above, Defendants breached their duty to Plaintiffs.

84. As detailed above, Defendants' conduct evidences a high degree of carelessness and shows a reckless disregard of the consequences.

85. As detailed above, Defendants engaged in willful and wanton misconduct.

86. As a direct and proximate cause of Defendants' breach, Plaintiff Kasia Bochelen suffered mortification, embarrassment, and was denied the quality of education that non-foreign born students are provided.

87. As a direct and proximate result of Defendants' unlawful actions, Plaintiff Kasia Bochelen suffered emotional injury.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO ALL DEFENDANTS

88. Plaintiffs incorporate by reference paragraphs 1 through 87.

89. Defendants' conduct as outlined above was intentional.

90. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not be tolerated by a civilized society.

91. Defendants' conduct resulted in severe and serious emotional distress.

92  As a direct and proximate result of Defendants' unlawful actions, Plaintiff Kasia Bochelen, suffered emotional injury.

**WHEREFORE**, Plaintiffs request that this Court enter judgment against Defendants as follows:

A. an award to Plaintiffs of compensatory damages;

B. an award to Plaintiffs of exemplary damages;

C. an award to Plaintiffs of punitive damages;

D. an award of interest, costs, and reasonable attorney fees;

E. whatever other legal and/or equitable relief appears appropriate at the time of final judgment; and

F.  whatever other legal and/or equitable relief may appear appropriate when this court's final order is entered.

        Respectfully submitted,

        <u>/s/Teresa J. Gorman</u>
        Teresa J. Gorman (P61001)
        Teresa J. Gorman, PLLC
        Attorney for Plaintiff
        5700 Crooks Road
        Suite 200
        Tel:  (248) 763-6943
        Fax: (248) 689-3268
        terigorman@aol.com

        Charlotte Croson (P56589)
        Croson, Taub & Michaels PLLC
        Attorneys for Plaintiff
        455 E. Eisenhower Parkway, Suite 75
        Ann Arbor, MI 48108
        Tel: (734) 519-0973
        Fax: (734) 519-0876
        ccroson@ctmlawyers.com

Dated:    April 26, 2022

## **JURY DEMAND**

Plaintiffs, by and through their attorneys, and Teresa J. Gorman PLLC and CROSON, TAUB & MICHAELS PLLC, hereby demand a trial by jury on all claims set forth above.

/s/Teresa J. Gorman
Teresa J. Gorman (P61001)
Teresa J. Gorman, PLLC
Attorney for Plaintiff
5700 Crooks Road
Suite 200
Tel:  (248) 763-6943
Fax: (248) 689-3268
terigorman@aol.com

Charlotte Croson (P56589)
Croson, Taub & Michaels PLLC
Attorneys for Plaintiff
455 E. Eisenhower Parkway, Suite 75
Ann Arbor, MI 48108
Tel: (734) 519-0973
Fax: (734) 519-0876
ccroson@ctmlawyers.com