UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CARL BOCHELEN and
TRISTINA BOCHELEN, Ind. and                          Case No:  1:22-cv-00377
as Next Friends and Parents of
KASIA BOCHELEN, a minor,                             Hon. Janet T. Neff

                            Plaintiffs,

vs

MARCELLUS COMMUNITY SCHOOL
DISTRICT, a Michigan school district,
NANETTE PAULEY, Ind. and in her
official capacity as Superintendent of
Marcellus Community School District,
SARAH BISCHOFF, Ind. and in her
official capacity as the Principal of
Marcellus Elementary School,
TAMMY CURTIS, Ind. and in her
official capacity as the Counselor at
Marcellus Elementary School, and
HENRY ESSEX, Ind. and in his
official capacity as a Teacher and
Mandatory Reporter at Marcellus
Elementary School,

                            Defendants.
_____

Teresa J. Gorman  (P61001)                  Mark T. Ostrowski  (P49761)
TERESA J. GORMAN, PLLC                  Jessica M. Stark  (P80647)
Attorney for Plaintiff                            KLUCZYNSKI, GIRTZ & VOGELZANG
5700 Crooks Road, Ste. 200                  Attorneys for Defendants
Troy, MI  48098                                   3033 Orchard Vista Dr SE, Suite 308
(248) 763-6943                                    Grand Rapids, MI  49546
Email:  terigorman@aol.com             (616) 559-8649
                                                        Email:  marko@kgvlaw.com
                                                        Email:  jesstark@kgvlaw.com
Charlotte Croson  (P56589)
CROSON TAUB & MICHAELS PLLC
Attorneys for Plaintiff
455 E. Eisenhower Parkway, Suite 75
Ann Arbor,  MI  48108

(734) 519-0973
Email:  ccroson@ctmlawyers.com

---

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT

NOW COME Defendants, Marcellus Community School District, Nanette Pauley, Sarah Bischoff, Tammy Curtis, and Henry Essex, by and through their attorneys, Kluczynski, Girtz & Vogelzang, and in answer to plaintiff's Amended Complaint state as follows:

### JURISDICTION AND VENUE

1.      This is a civil action brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a), et seq.,  the Equal Protection Clause of the United States Constitution made applicable to the individual states by and through the Fourteenth Amendment to the Constitution pursuant to §1983, and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., and the common law of Michigan seeking money damages against the individual Defendants in their individual and official capacities and against all Defendants for violation of Plaintiffs' rights.

**ANSWER:**      **Defendants do not contest jurisdiction.**

2.      This court has original jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

**ANSWER:**      **Defendants do not contest jurisdiction.**

3.      Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. §1391(b) because the claims arose in this district and Plaintiffs and Defendants are located within this district.

**ANSWER:**      **Defendants do not contest venue.**

### PARTIES

4.      Plaintiffs are citizens of the United States and at all times material to this action were residents of the Village of Marcellus, Cass County, Michigan during the relevant time period.

**ANSWER:      Admitted upon information and belief.**

5.      Kasia Bochelen ("Kasia") is an 11 year old girl born on April 25, 2011.

**ANSWER:      Admitted upon information and belief.**

6.      Plaintiffs Carl and Tristina Bochelen ("the Bochelens") are Kasia Bochelen's natural parents.

 **ANSWER:      Admitted upon information and belief.**

7.      Defendant Nanette Pauley was, at all times material to this action, employed by Marcellus Community School District as its Superintendent of Schools.  She is sued in both her individual and official capacities.

**ANSWER:      Admitted that defendant Pauley is employed as the Superintendent of Marcellus Community School District.  Defendants deny that there is any basis for liability against any defendant whatsoever.  In addition, there is no basis alleged for suing Ms. Pauley in her individual capacity.**

8.      Defendant Sarah Bischoff was, at all times material to this action, employed by Marcellus Community School District as the Principal of Marcellus Elementary School.  She is sued in both her individual and official capacities.

**ANSWER:      Admitted that defendant Bischoff is employed as the Principal of Marcellus Elementary School.  Defendants deny that there is any basis for liability against any defendant whatsoever.  In addition, there is no basis alleged for suing Ms. Bischoff in her individual capacity.**

9.     Defendant Tammy Curtis was, at all times material to this action, employed by Marcellus Community School District as a counselor at Marcellus Elementary School.  She is sued in both her individual and official capacities.

**ANSWER:     Denied.  In further answering defendant Curtis is employed by Marcellus Community School District as a school social worker.  Defendants deny that there is any basis for liability against any defendant whatsoever.  In addition, there is no basis alleged for suing Ms. Curtis in her individual capacity.**

10.     Defendant Henry Essex was, at all times material to this action, employed by Marcellus Community School District as a teacher at Marcellus Elementary School.  She is sued in both his individual and official capacities.

**ANSWER:     Admitted that defendant Essex is employed by Marcellus Community School District as a teacher at Marcellus Elementary School.  Defendants deny that there is any basis for liability against any defendant whatsoever.  In addition, there is no basis alleged for suing Mr. Essex in his individual capacity.**

11.     Defendant Marcellus Community School District is a public school district existing and operating according to the laws of the State of Michigan.

**ANSWER:     Admitted.**

### GENERAL ALLEGATIONS

12.     Kasia began attending Marcellus Elementary School as a fourth grade student in March 2021 after her family relocated to Marcellus, Michigan.

**ANSWER:     Admitted upon information and belief.**

13.     In August 2021, Kasia started her school year as a fifth grade student at Marcellus Elementary School with excitement, happiness and a great attitude.

4

**ANSWER:    Denied.  In further answering, Tristina Bochelen reported to Ms. Curtis that Kasia was anxious and nervous about returning to school.  Throughout Kasia's attendance at Marcellus Community Schools, her mother described her as suffering from anxiety.**

14.    Shortly after the new school began, Kasia began crying and begging not to go school.

**ANSWER:    The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.**

15.    The crying and begging soon turned to flailing, scratching, sobbing, screaming, and throwing herself to the ground to attempt to avoid entering the school.

**ANSWER:    The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.**

16.    What the Bochelen's were unaware of at that time was that Kasia's reluctance to go to school was because she was subjected to sexual assault and battery by another female student who was grabbing Kasia's genitalia when the students were in the bathroom, hallway or at recess.

**ANSWER:    Defendants deny that there is evidence of sexual assault and/or grabbing of Kasia's genitalia.  Through an investigation commenced on October 18, 2021, immediately upon receiving complaints from plaintiffs, it was learned that several girls including Kasia were participating in a game which they called the "tweedle dee" game where they would briefly touch their classmates over their clothing in the area of their genitalia.  There is no evidence of a sexual assault and there was no subsequent unconsented touching of Kasia after the school learned of the student misconduct on October 18, 2021.**

17.    The Bochelens accepted assistance from school counselor Tammy Curtis ("Counselor Curtis") who escorted Kasia into her classroom.  Counselor Curtis promised to check on her periodically and told Kasia that she could see her any time for any reason.

**ANSWER:    Defendants deny that the assistance provided was related to the allegations set forth in this Complaint.  Defendants admit that social worker Counselor Curtis has been providing assistance to Kasia since March of 2021 when she first began attending Marcellus Community Schools related to her chronic anxiety.**

18.    The sexual assaults continued into October 2021.

**ANSWER:    Defendants deny that there is evidence of any sexual assaults.**

19.    On October 6, 7, or 8, 2021, Kasia reported to her teacher, Henry Essex ("Teacher Essex"), that she needed to see Counselor Curtis.  Teacher Essex demanded that Kasia tell him why she needed to see Counselor Curtis.

**ANSWER:    Denied.  In further answering, Kasia has throughout her time at Marcellus Community Schools asked to see Ms. Curtis and she has been allowed to do so.  She is not, however, allowed to simply leave the classroom without asking permission. In further answering, on or about October 2, 2021 Kasia requested a meeting with Ms. Curtis along with one of the girls who later admitted playing the "tweedle dee" game and upon information and belief the request was motivated by an issue different than alleged as the basis for this lawsuit.**

20.    Kasia informed Teacher Essex that a student (the same student who had been had been grabbing her genitalia) had attacked her in the bathroom, using force to pin against the wall, and forcibly "humped" against her.

**ANSWER:    Denied.**

21.    Teacher Essex directed Kasia to sit back down at her desk with the promise that he would text Counselor Curtis and that she would talk to Kasia when she had time.

**ANSWER:    Denied.  In further answering, at no time did Kasia report any sexual assault to Mr. Essex.**

22.    It is undisputed that Teacher Essex never reported Kasia's complaint of the sexual assault to Counselor Curtis or anyone else.

**ANSWER:    Denied that a report of sexual assault was made to Mr. Essex.**

23.    Kasia's behavior deteriorated as the sexual assaults continued unabated.

**ANSWER:    Denied.  In further answering, Kasia had issues with anxiety the entire time she has attended Marcellus Community Schools, there is no evidence of a sexual assault and no one at the school observed a change in Kasia's behavior.**

24.    The Bochelens asked friends if their children had heard or seen anything that would help explain Kasia's behavior.  One friend reported that her children had told her that Kasia had been forced against a wall against her will and "humped."  Over the next few days, other parents came forward to the Bochelens with information about the humping incident as well as the genital grabbing to which Kasia and other female students were being subjected to everyday by the same assailant.

**ANSWER:    Defendants neither admit nor deny the allegations of this paragraph for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.  In further answering, no such reports were made to school personnel until October 18, 2021.**

25.    On October 12, 2021, Tristina Bochelen reported the sexual assault to which Kasia had been subjected to Counselor Curtis.

**ANSWER**:    **Denied.**

26.    Counselor Curtis stated that she was aware of the situation and that it had already "been handled."

**ANSWER**:    **Denied.  In further answering, Ms. Curtis was responding to reports a girl had pulled on a hoodie being worn by another girl in the restroom.  The comment was not related to any alleged sexual assault.**

27,    On October 16, 2021, Tristina Bochelen reported the sexual assault to which Kasia had been subjected to Superintendent Nanette Pauley.

**ANSWER**:    **Denied.**

28.    Superintendent Pauley responded that "the issue had been addressed" and that there had been "some booty bumping" in the bathroom.  She recommended that the Bochelens keep Kasia in school because "anxiety needs to be worked through at school."

**ANSWER**:    **Denied.  In further answering, the reference to booty bumping and "the issue had been addressed" involved student misconduct occurring during the same general time frame but involving issues unrelated to the allegations of this Complaint.**

29.    Also on October 16, 2021, the Bochelens met with the family who had initially informed them about the assault on Kasia.  They learned more about Kasia's complaint to Teacher Essex and more about additional sexual assaults to which other girls had been subjected of a long period of time by the same assailant and a companion assailant as well.

**ANSWER**:    **Defendants neither admit nor deny the allegations of this paragraph for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.**

30.     On the morning of October 18, 2021, the Bochelens went to the school to complain to Principal Sarah Bischoff ("Principal Bischoff") about the sexual assaults to which Kasia had been subjected.  They were informed that Principal Bischoff was unavailable.

**ANSWER:   Denied that there is evidence of a sexual assault having occurred.   The remaining allegations are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.**

31.     That same day, the Bochelens called Child Protective Services who directed them to call the Marcellus Police Department to report the sexual assaults.

**ANSWER:   Defendants neither admit nor deny the allegations of this paragraph for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.**

32.     Sgt. Johnson of the Marcellus Police Department promptly visited the Bochelens in their home and took their report.

**ANSWER:   Defendants neither admit nor deny the allegations of this paragraph for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.**

33.     On the afternoon of October 18, 2021, after taking the report from the Bochelens, Sgt. Johnson went to Marcellus Elementary School.

**ANSWER:   Denied.  In further answering, Sgt. Johnson came to the school at 11:00 a.m. on October 18, 2021.**

34.     Shortly after Sgt. Johnson left the Bochelen home and went to the school, the Bochelens received a telephone call from Principal Bischoff requesting a meeting.

**ANSWER:**    **Denied.  In further answering, principal Bischoff called plaintiffs on October 19, 2021 after students M.F. and K.R. were interviewed and admitted playing what was described as the "tweedled-dee" game.  These students were disciplined which included out of school suspensions.**

35.    The Bochelens and Kasia went to the school and met with Principal Bischoff and Counselor Curtis who informed them that the assailants had admitted to assaulting Kasia.

**ANSWER:**    **Denied.  In further answering, two female students admitted playing what they considered a game involving brief touching over the clothing in the genital area.  In further answering, Kasia subsequently told police she had played the same game.**

36.    Upon learning of Kasia's initial complaint to Teacher Essex, Counselor Curtis stated that she had never received a text or any other communication from Teacher Essex regarding Kasia's report of the sexual assault.

**ANSWER:**    **Admitted.  In further answering, no sexual report of sexual assault had been made to Mr. Essex.**

37.    Principal Bischoff then requested that Teacher Essex join the meeting.

**ANSWER:**    **Admitted.**

38.    Counselor Curtis insisted that Kasia play out the entire incident for everyone in the meeting.  She did so.

**ANSWER:**    **Denied that Ms. Curtis insisted or forced Kasia to make a statement.  In further answering, plaintiffs were present during the meeting and Ms. Curtis asked permission from them to pose questions to Kasia.**

39.    Teacher Essex did not dispute Kasia's rendition of the facts.

**ANSWER:    The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiffs are left to their proofs at trial.  In further answering, no sexual assault was ever reported to Mr. Essex and it would not be unusual for a teacher to listen to issues described by a student involving other students without challenging the report.**

40.     When the Bochelen's asked Teacher Essex why he had failed to report Kasia's complaint of the sexual assault to which she had been subjected, he responded that he "just couldn't remember exactly what she told [him]" or why he failed to report it, stating "I have two hundred things going on at one time and I can't remember everything."

**ANSWER:    Denied that there was ever any complaint of sexual assault made to Mr. Essex.**

41.     The Bochelens and Kasia complained to the principal, counselor and teacher that Kasia had been subjected to sexual assault and unwelcome sexual conduct by having her genitalia grabbed, by being grabbed and forced against a wall and "humped," and by having the same assailant peer over the door or wall of the bathroom stall while Kasia was inside.

**ANSWER:    Denied that such complaints were made until October 18, 2021, and the alleged assailants were notified that they would be suspended the next day to commence on October 20, 2021.**

42.     At the end of the meeting, it was agreed that the assailant would be required to use a separate bathroom, that all teachers would be provided with radios so they could better monitor, and that Kasia would be allowed to go to the office or to visit Counselor Curtis at any time for any reason due the unpredictability of the traumatic effects of a sexual assault.

**ANSWER:    Denied.  In further answering, during early October, there was a complaint that M.F. had pulled the hoody of another girl.  As a result of that allegation, her mother**

11

requested that M.F. be assigned to use a separate bathroom.  Defendants admit that after the October 18, 2021, meeting, teachers were told to monitor the hallways and bathrooms more closely.  Finally, the accommodation of allowing Kasia to request meetings with Ms. Curtis had been in place since she first began attending Marcellus Community Schools and was not related to any alleged sexual assault.

43.     The next day, October 19, 2021, Kasia stayed home from school.

**ANSWER**:     **Admitted.**

44.     On October 20, 2021, Kasia returned to school.  When her mother called the school to check on her, Principal Bischoff informed Mrs. Bochelen that the agreed-upon plan will not work and that Kasia will not be allowed to leave the classroom to go to the bathroom or to visit the counselor.

**ANSWER**:     **Denied.**

45.     On October 20, 2021, Kasia was once again assaulted by either the same student who had previously assaulted her or her companion, this time by grabbing Kasia's genitalia while she was standing in line in the school hallway.

**ANSWER**:     **Denied.  In further answering, the alleged assailants were serving out of school suspensions on October 20, 2021, and Kasia did not attend school with those students after October 18, 2021.**

46.     That afternoon, the Bochelens pulled Kasia and her brother from the school and began home schooling.

**ANSWER**:     **Admitted.**

47.    On November 8, 2021, Mr. Bochelen put the entire school board of Marcellus Community Schools on notice about the sexual assaults and unwelcome sexual conduct to which Kasia had been subjected in the elementary school.

**ANSWER:    Admitted that Mr. Bochelen alleged that his daughter had been the victim of sexual assault at a school board meeting.**

48.    Kasia has not returned to school and her assailant remains in school and, upon information and belief, continues to harass and assault other students.

**ANSWER:    Admitted that Kasia has not returned to school.  The remaining allegations are denied.**

49.    Upon information and belief, other parents have also reported the sexual assaults and unwelcome sexual conduct to which their children have been subjected by the same assailant.

**ANSWER:  Denied.  In further answering, other parents reported unconsented touching and a Title IX investigation was conducted which found no evidence of sexual assault but did confirm what the students described as the "tweedled dee" game.**

## COUNT I
## VIOLATIONS OF TITLE IX
## AS TO DEFENDANT MARCELLUS COMMUNITY SCHOOL DISTRICT

50.    Plaintiffs incorporate by reference paragraphs 1-49.

**ANSWER:    Defendants incorporate their answers to paragraphs 1 through 49.**

51.    The acts and failure to act perpetuated against Kasia amount to unlawful sexual harassment and discrimination on the basis of gender.

**ANSWER:    Denied.**

52.    One or more teachers, counselors, administrators, and officials of Defendant Marcellus Community School District, with authority to take corrective action on Kasia's behalf had

actual notice of said discrimination and failed to adequately respond, in violation of school district policies.

**ANSWER:**      **Denied.**

53.      Defendants' failures to respond amounted to deliberate indifference toward the unlawful sexual conduct that had occurred, was occurring, and was likely to occur.

**ANSWER:**      **Denied.**

54.      Additionally, and/or in the alternative, Defendant's board of education, administration and officials failed to enact and/or disseminate and/or implement proper or adequate policies to discovery, prohibit or remedy the kind of discrimination which Kasia suffered.  This failure included, without limitation, non-existent or inadequate customs, policies or procedures for the recognition, reporting, investigation, and correction of unlawful discrimination.  Those failures amounted to deliberate indifference toward the unlawful sexual conduct that had occurred, was occurring, and was likely to occur.

**ANSWER:**      **Denied.**

55.      As a result of Defendants' deliberate indifference, Kasia suffered loss of educational opportunities and/or benefits, and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

**ANSWER:**      **Denied.**

56.      As a result of Defendants' deliberate indifference, Plaintiffs Carl and Tristina Bochelen suffered economic losses and tax benefits due to the necessity to home school Kasia.

**ANSWER:**      **Denied.**

**COUNT II**
**VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**AS TO ALL DEFENDANTS**

57.     Plaintiffs incorporate by reference paragraphs 1-56.

**ANSWER:     Defendants incorporate their answers to paragraphs 1 through 56.**

58.     Kasia is a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:     This paragraph purports to set forth a legal conclusion to which no answer is required.  In further answering, plaintiffs have not accurately identified a legal principle applicable to this case.**

59.     Kasia also enjoyed the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual molestation, abuse, and assault.

**ANSWER:     This paragraph purports to set forth a legal conclusion to which no answer is required.  In further answering, defendants deny that there is a constitutional right to be free from abuse committed by private actors.**

60.     The various acts as alleged herein amounted to violations of these clearly established constitutional protected rights of which reasonable persons in the Defendants position should have known.

**ANSWER:     Denied.**

61.     Defendants had a duty to prevent student-on-student sexual molestation, abuse, assault and harassment, said duty arising under the above-mentioned constitutional rights and also under clearly established rights against discrimination pursuant to Title IX.

**ANSWER:     The allegations of this paragraph purport to state a legal conclusion to which no answer is required.  In further answering, plaintiffs have not accurately described any applicable principle of law.**

15

62.     By failing to prevent the aforementioned molestations, abuse, assaults and harassment to which was subjected, and/or responding to other known reports of similar molestations, abuse, assaults, harassment and sexually inappropriate behavior by the same assailant against other students, in a manner that was so clearly unreasonable so as to amount to deliberate indifference, Defendants are liable to Kasia pursuant to 42 U.S.C. §1983.

**ANSWER:     Denied.**

63.     Defendant Marcellus Community School District is also liable to Kasia under 42 U.S.C. §1983 for the following:

a.      maintaining customs, policies and /or procedures of inadequate and/or non-existent monitoring and/or investigation of the assailant's conduct so as to amount to deliberate indifference as to the known or obvious consequences of the assailant's behavior, up to and including, violations of the aforementioned equal protection and due process rights, and unlawful discrimination under Title IX; and

b.      failing to adequately train administrators, counselors, teachers, officials and employees in a position to discover, report, investigate and/or prevent the acts complained of herein, violations of constitutional and/or federal law.

**ANSWER:     Denied.**

64.     As a result of Defendants' deliberate indifference, Kasia suffered loss of educational opportunities and/or benefits, and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

**ANSWER:     Denied.**

65.     As a result of Defendants' deliberate indifference, Plaintiffs Carl and Tristina Bochelen suffered economic losses and tax benefits due to the necessity to home school Kasia.

**ANSWER:**     **Denied.**

**COUNT III**
**HOSTILE ENVIRONMENT IN VIOLATION OF**
**THE ELLIOTT-LARSEN CIVIL RIGHTS ACT AGAINST**
<u>**DEFENDANT MARCELLUS COMMUNITY SCHOOL DISTRICT**</u>

66.     Plaintiffs incorporate by reference paragraphs 1-65.

**ANSWER:**     **Defendants incorporate their answers to paragraphs 1 through 65.**

67.     Kasia is a member of a protected class pursuant to the Constitution of the State of Michigan and the Elliott-Larsen Civil Rights Act, MCL § 37.2101, *et seq.* and MCL § 37.2301, *et seq.*

**ANSWER:**     **Denied.**

68.     The facilities operated by Defendant Marcellus Community School District were and are educational institutions under MCL § 37.2401, *et seq.*  and MCL § 37.2301, *et seq.*

**ANSWER:**     **Admitted.**

69.     While a student in Defendant Marcellus Community School District's elementary school, Kasia was subjected to sexually harassing commentary and conduct as aforedescribed.

**ANSWER:**     **The allegations of this paragraph purport to state a legal conclusion to which no answer is required or given.**

70.     The sexually harassing commentary and conduct had the purpose and/or effect of substantially interfering with Kasia's education and and/or creating an intimidating, hostile, and offensive educational environment.

**ANSWER:**     **The allegations of this paragraph purport to state a legal conclusion to which no answer is required or given.**

71.     Defendant Marcellus Community School District had both actual and constructive notice that Kasia was being subjected to a hostile and offensive educational environment.

17

**ANSWER:**      **Denied that defendants had notice until after the alleged misconduct occurred.**

72.      Despite having notice of the sexually harassing commentary and conduct to which Kasia was subjected, Defendant Marcellus Community School District failed to remediate.

**ANSWER:**      **Denied.**

73.      Defendant Marcellus Community School District's conduct violated the Elliott-Larsen Civil Rights Act.

**ANSWER:**      **Denied.**

74.      As a result of Defendant Marcellus Community School District's deliberate indifference, Kasia suffered loss of educational opportunities and/or benefits, and has suffered mental anguish, physical and emotional distress, and humiliation and embarrassment.

**ANSWER:**      **Denied.**

75.      As a result of Defendant Marcellus Community School District's deliberate indifference, Plaintiffs Carl and Tristina Bochelen suffered economic losses and tax benefits due to the necessity to home school Kasia.

**ANSWER:**      **Denied.**

**COUNT IV**
**GROSS NEGLIGENCE**
**UNDER MCL 691.1407(2)**
**AS TO ALL DEFENDANTS**

76.      Plaintiffs incorporate by reference paragraphs 1 through 75.

**ANSWER:**      **Defendants incorporate their answers to paragraphs 1 through 75.**

77.      Defendants had a special relationship with Kasia, obligating Defendants, individually and collectively, to provide safe care and treatment.

**ANSWER:**      **Denied.**

78.     Defendants owed the Plaintiffs a duty to conform to a specific standard of conduct to protect Kasia from unreasonable risk of injury.

**ANSWER:**     **Denied.**

79.     As detailed above, Defendants breached their duty to Kasia and the Plaintiffs.

**ANSWER:**     **Denied.**

80.     As detailed above, Defendants' conduct evidences a high degree of carelessness and shows a reckless disregard of the consequences.

**ANSWER:**     **Denied.**

81.     As detailed above, Defendants engaged in willful and wanton misconduct.

**ANSWER:**     **Denied.**

82.     As a direct and proximate cause of Defendants' breach, suffered mortification, embarrassment, and was denied the quality of education that non-foreign born students are provided.

**ANSWER:**     **Denied.**

83.     As a direct and proximate result of Defendants' unlawful actions, Kasia suffered emotional injury.

**ANSWER:**     **Denied.**

84.     As a result of Defendants' unlawful actions, Plaintiffs Carl and Tristina Bochelen suffered economic losses and tax benefits due to the necessity to home school Kasia.

**ANSWER:**     **Denied.**

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AS TO ALL DEFENDANTS**

85.     Plaintiffs incorporate by reference paragraphs 1 through 84.

**ANSWER**:     **Defendants incorporate their answers to paragraphs 1 through 84.**

86.    Defendants' conduct as outlined above was intentional.

**ANSWER:**     **Defendants deny that they engaged in any tortious conduct or committed any malfeasance or misfeasance or that there is any other basis to impose liability.**

87.    Defendants' conduct as outlined above was extreme, outrageous, and of such character as not be tolerated by a civilized society.

**ANSWER:     Denied.**

88.    Defendants' conduct resulted in severe and serious emotional distress.

**ANSWER:     Denied.**

89.    As a direct and proximate result of Defendants' unlawful actions, Kasia and the Plaintiffs, suffered emotional injury.

**ANSWER:     Denied.**

**WHEREFORE**, Defendants request that this Court enter a judgment of no cause for action in their favor and against Plaintiffs and award them costs and attorney's fees as deemed appropriate.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, by and through their attorneys, Kluczynski, Girtz & Vogelzang, and assert the following Affirmative Defenses:

1.    Plaintiffs have failed to allege a claim upon which relief may be granted.

2.    Plaintiffs' claims may be barred by an applicable statute of limitations.

3.    Defendants did not have notice of any bullying or other harassment allegedly directed toward K.B. while at school until after the conduct occurred and ceased.

4.    Defendants did not have notice that K.B. had been subjected to the alleged sexual assault.

20

5.  No "appropriate person" employed by the school district had notice of the alleged sexual assault, bullying or harassment and there is no basis for holding defendants liable in this matter.

6.  Defendants object to the misjoinder and non-joinder of parties and claims.

7.  Plaintiffs' claims against the individual defendants are barred by qualified immunity and they cannot be held liable under Title IX, 20 U.S.C. § 1681.

8.  Plaintiffs' state law claims may be barred by the Governmental Tort Liability Immunity Act set forth at 691.1401 *et. seq.*.

9.  Some or all of the Defendants have immunity, absolute immunity and/or qualified immunity that bars the instant action in whole or in part *based on state law, federal law and statutes*; including, but not limited to, *Harlow v Fitzgerald,* 457 U.S. 800; 102 S.Ct. 2727 (1982); *Monell v Department of Social Services of City of New York,* 436 U.S. 658; 98 S.Ct. 2018; 56 L.Ed.2d 611 (1978); *Ross v Consumers Power Co. (on rehearing),* 420 Mich 567; 363 NW2d 641 (1984); *Nalepa v Plymouth Canton Community School District,* 207 Mich App 580; 525 NW2d 897 (1994).

10.  Plaintiffs have not alleged any basis upon which these Defendants could be held liable under the Michigan Elliott Larsen Civil Rights Act or federal law for the alleged misconduct of fellow students K.R. and M.F.

11.  Defendants will rely upon all principles of contributory fault and or comparative fault available under state and federal law and specifically note that any harm caused to Plaintiffs was the result of the conduct of non-parties, fellow students K.R. and M.F.  There may also have been a failure to make a timely report of the alleged wrongful conduct.

12.  Defendants acted reasonably at all times and complied with all sources of federal and state law.

13.  Plaintiffs may not have acted reasonably to mitigate any damages suffered.

14.  That injuries and damages as claimed by Plaintiffs may be excessive, exaggerated or not causally connected to the occurrence at issue and otherwise, maybe limited or barred by applicable statute or decisional law.

15.  Plaintiffs have not alleged a legitimate basis for application of vicarious liability.

16.  That the claims of liability against these Defendants are wholly groundless in fact and are not warranted by any existing law or even by good faith argument and are consequently frivolous and should be dismissed.  Notice is hereby given that dismissal against these frivolous claims against these Defendants will be sought

and, should Plaintiffs refuse to dismiss these claims, these Defendants will seek all costs, attorney fees and sanctions allowable under applicable rules of law and court rule.

17.     Defendants hereby provide notice that they will show that any harm sustained by plaintiffs was caused by fellow students K.R. and M.F. and they intend to file a notice of non-party fault.

18.     Defendants reserve the right to plead additional Affirmative Defenses until the time of trial.

KLUCZYNSKI, GIRTZ & VOGELZANG

Dated: May 20, 2022                          By: ___/s/ Mark T. Ostrowski_____
                                             Mark T. Ostrowski (P49761)
                                             Jessica M. Stark  (P80647)
                                             Attorneys for Defendants
                                             3033 Orchard Vista Dr, SE, Ste 308
                                             Grand Rapids, MI  49546
                                             (616) 559-8649

## RELIANCE ON JURY DEMAND

NOW COMES the Defendants and hereby rely on Plaintiffs' demand for jury trial previously filed in this matter.

KLUCZYNSKI, GIRTZ & VOGELZANG

Dated:  May 20, 2022                         By: ___/s/ Mark T. Ostrowski_____
                                             Mark T. Ostrowski (P49761)
                                             Jessica M. Stark  (P80647)
                                             Attorneys for Defendants
                                             3033 Orchard Vista Dr, SE, Ste 308
                                             Grand Rapids, MI  49546
                                             (616) 559-8649